IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY DWAYNE MINNLEE, *a/k/a* | § | |
| BARRY DWAYNE MINNAFEE, | § | |
| BARRY DWAYNE MINNIFEE, | § | |
| BARRY DWAYNE MINNFEE | § | |
| TDCJ-CID NO.1300468,[1] | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-3399 |
| | § | |
| RICK THALER, | § | |
| Respondent | § | |

OPINION ON DISMISSAL

Texas state prisoner Barry Dwayne Minnlee, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, Minnlee's action is dismissed without prejudice pursuant to a Fifth Circuit sanction and preclusion order.

On May 2, 2005, plaintiff was convicted of robbery with bodily injury in Potter County, Texas in cause number 49,678-D and sentenced to life imprisonment.  TDCJ Offender Information Website.[2]  Since his conviction, Minnlee has filed over eighty (80) unsuccessful habeas and civil rights lawsuit in at least four states, and he has been barred from proceeding *in forma pauperis* under the three strikes provision of 28 U.S.C. § 1915(g).[3]

Because Minnlee has continued to file frivolous, unauthorized successive, and malicious lawsuits, on June 6, 2007, the Fifth Circuit issued a sanction and preclusion order against him in *Minnfee v. Quarterman*, No. 07–50446 (5th Cir. 2007).  In the order, the Fifth

---

[1] Other prison identification numbers assigned to petitioner are 637140, 965370, and 1087306.

[2] http://offender.tdcj.state.tx.us/POSdb2/POSearchServlet.do  (viewed October 5, 2011).

[3] *See* http://156.124.4.123/ThreeStrikes/m3.htm, for list of Minnlee's cases that have been struck as frivolous or for failure to state a claim.

Circuit imposed a $100.00 monetary sanction against Minnlee for his continued abusive litigation tactics, and ordered as follows:

> The Clerks of all Federal District Courts in this Circuit are directed to refuse to accept further pleadings of any kind from Minnfee, including notices of appeal, in previously filed suits or any new suit, unless he provides proof that he has paid the sanction. Even if Minnfee provides proof that he has paid the sanction in full, he is warned that further frivolous filings will invite the imposition of additional sanctions which will include restrictions to his access to the Courts of this Circuit.

*Id.* Minnlee does not contend that the $100.00 sanction has been paid, and a review of the Fifth Circuit docket for this case reveals that it has not been paid.[4]

Although Minnlee has characterized his pleading as seeking habeas corpus relief, he appears to allege that he has been subject to an unlawful tracking device or a violation of his right to privacy. (Docket Entry No.1). Regardless of whether Minnlee is seeking habeas corpus relief or is attempting to bring a civil rights action, his filing must be dismissed in light of the outstanding sanction that has not been satisfied. Moreover, there is no allegation in Minnlee's pleadings that would suggest he is under imminent danger of serious physical harm to warrant consideration pursuant to the three strikes exception of 28 U.S.C. § 1915(g). *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

For the foregoing reasons, this case is DISMISSED without prejudice pursuant to the sanction and preclusion order issued by the Fifth Circuit Court of Appeals on June 6, 2007. Any and all pending motions are DENIED as moot. To the extent this action raises habeas corpus claims, there are no issues to support a certificate of appealability. The showing necessary for a certificate of appealability is a substantial showing of the denial of a

---

[4] *See* http://coa.circ5.dcn/Viewcase.aspx, to review the docket in Case No. 07–50446, and to view a copy of the sanction order.

constitutional right.  *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000).  Minnlee has not made the necessary showing.  Accordingly, a certificate of appealability is DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 5th day of October, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE